AYRES, Judge.
As initially instituted plaintiff, Associates Discount Corporation, sought to recover balances due on the purchase price of the equipment represented by vendor’s lien and chattel mortgage notes executed by defendant Herman F. Wadley, purchaser of the property. Wadley caused a collision insurance policy covering the aforesaid property to be issued by Northland Insurance Company in which not only Wadley but Dol-Tex Express, Inc., a corporation wholly owned by Wadley, was named as an insured.
Defendant Wadley, joined by Dol-Tex, caused Northland Insurance Company to be made a third-party defendant from whom they sought judgment over for any sum for which they were condemned to plaintiff. Thereafter, plaintiff, Associates, as a loss payee under the insurance policy, through amendments, caused Northland and Dol-Tex to be made defendants against whom, with Wadley, it sought judgment in solido.
Controversies between the insurer and the insureds of the aforesaid tractor-trailer unit arose out of an accident in which the unit was involved at or near Terrell, Texas, on December 9, 1969.
In a written opinion, the trial court pointed out:
“All parties admit that the trailer was a total loss. Its value at the time of the accident is the only matter before the Court. Insurance Company in its answer admits a value of $3,750.00, less $250.00 salvage, based on its appraisals. Witnesses, as usual, were in great variance as to amounts, ranging as high as $9,000.00. Wadley had paid the sum of $8,070.00 for the trailer on November 15, 1968. It was in continuous service until December 9, 1969, when the accident occurred, or a period of approximately thirteen (13) months. After allowing for usage, wear and tear on a trailer of this type, the value of such trailer on December 9, 1969 is found to be $6,500.00.”
With respect to the allowance of damages to the truck-tractor unit, the court found the value of this unit on the day of the accident to be $16,000.00, which, following the accident, had a salvage value of only $3,000.00, resulting in a net loss of $13,000.00 which, however, was subject to a contractual deductible of $500.00 as provided in the policy.
There was judgment in favor of plaintiff, Associates, against the defendant Wadley for the balances due on the purchase price notes, that is, for the sum of $15,306.84 and $6,940.08, with interest thereon at the rate of 8% per annum from January 30, 1972, on the first-stated amount, and from November 30, 1971, on the second-stated sum until paid, together with 25% additional on principal and interest as attorney’s fees. Dol-Tex and North-land were likewise condemned in solido with Wadley to the extent that Northland was held liable to defendants, Wadley and Dol-Tex, whose liability, however, did not extend beyond the total amount due plaintiff, Associates, by defendant Wadley.
There was further judgment in favor of third-party plaintiffs, Wadley and Dol-Tex., against third-party defendant, North-land, in the sum of $6,500.00, together with legal interest thereon from December 9, 1969, until paid, less the trailer’s salvage value and less the contractual deductible, and for the further sum of $12,500.00 with legal interest from judicial demand until paid, subject to a credit of $7,434.24 deposited by Northland in the registry of the court and which now serves as a credit on its liability.
Costs were assessed against defendants.
No issue is presented with respect to the judgment as rendered in favor of plaintiff, Associates, against Wadley.
*762 From this judgment, Northland appealed suspensively. Defendants, Wadley and Dol-Tex, answered the appeal.
Only concerned in this appeal are controversies which have arisen between the insurer of the property and its insureds, appearing herein as third-party defendant and third-party plaintiffs, respectively. The issues relate to the extent or amount of damages sustained to the insured motor vehicle and equipment and to damages allegedly occasioned by the insurer’s delay in the appraisal and settlement for the losses sustained.
Northland assigns as error the action of the court (1) in allowing recovery by the insureds under the collision features of the insurance policy of the difference between the value of the truck-tractor before the collision and its salvage value as opposed to the cost of repairs; (2) in failing to fix the recovery based upon the lowest of the estimates of the repairs required to place the truck-tractor in the same condition as prior to the accident; and (3) in awarding for the loss an amount in excess of the fair market value of a trailer of like kind in a similar condition. Defendants third-party-plaintiffs, Wadley and Dol-Tex, assign as error the action of the court in not allowing as damages an amount equal to the attorney’s fees, interest, and court costs assessed against them, and in not awarding damages occasioned by the loss of a hauling contract through the alleged failure of Northland to make prompt disposition and settlement of their claim.
We find no error in the trial court’s conclusion with reference to the loss (damages) sustained to the trailer as heretofore noted in its reasons for judgment, except in the allowance of a deduction for salvage value which was eliminated by stipulation.
Now, with respect to the damage sustained to the tractor or cab portion of the vehicular unit, it may be appropriate to note here that under the terms of the insurance contract, the limit of the insurer’s liability for loss shall not exceed either (1) the actual cash value of the motor vehicle or, if the loss is of a part thereof, the actual cash value of such part, at the time of loss, or (2) what it would then cost to repair or replace the motor vehicle or such part thereof with another part or parts of like kind and quality, with deduction for depreciation. The policy also provides that the insurer may pay for the loss in money, or may repair or replace the vehicle or such part thereof as was damaged.
Considerable argument ensued between the insurer and the insureds with respect to the settlement of this loss. It seems clear, however, that Wadley wanted the loss settled on the basis of a total loss and wanted to be paid in money. The insurer was willing to pay in money but wanted to pay on the basis of the cost of repairs. That the parties were never able to agree on this difference appears immaterial inasmuch as the insurer’s liability is fixed by the contract and not by what either desired in an adjustment of the loss.
Difficulty was experienced by the trial court and likewise by us in determining the cost to repair, because all estimates were not firm bids, and all witnesses agreed there was a possibility, and indeed a probability, of hidden damage that could only be discovered in the actual making of the repairs.
For Wadley, Mitchell A. Antley, the owner of Mitchell’s Body Shop, Monroe, estimated the cost of repairs at $11,333.-13 including tax. His estimate was made on January 20, 1971, shortly before trial. This estimate included the replacement of the cab with a new one at a cost of $6,-225.60. Antley conceded, however, that the cab could be repaired at an expense of from $1,500.00 to $1,800.00 less than the figure for a new cab. His estimate was also based on an assumption that the frame was unrepairable. He testified he does not actually do frame work.
*763 For Northland, L. E. Cole, who has a large truck repair business in Dallas, inspected the tractor in January, 1970, shortly after the accident. He made an original estimate for repairs of $4,242.70. After the tractor was brought into his shop, he made a supplemental estimate of $634.90, bringing the total to $4,877.60. However, Cole recognized there would probably be some hidden damage and, in making allowance therefor, he estimated that the total repairs could be made for a charge of $5,-250.00. He was of the opinion that the cab could be repaired, that one rail of the frame could be repaired and the other replaced. It was stipulated that the testimony of Doss E. Holder, of Property Damage Appraisers, Dallas, would have been the same as that of Cole. Doyle Elton Grigsby, employed by Guy Harrell’s Appraisal Service, expressed his accord with these estimates of the repairs.
Northland suggests that a proper award for the aforesaid damage should be as indicated by Cole’s estimate in the sum of $4,877.60. Northland concedes, however, that it would nevertheless be liable for any additional repairs that might be discovered and which arose out of the accident. Thus, it appears most reasonable to conclude that Cole’s over-all estimate in the sum of $5,250.00 would be proper. This takes into account the probability of additional repairs not reflected in the estimate but the cost of which is nevertheless the responsibility of the insurer. From this estimation, the insurer should be accorded the benefit of the $500.00 contractual deductible.
Nor do we find any legal basis for Wadley’s claim for damages in the nature of interest, attorney’s fees, and costs, nor for loss or damage by Wadley’s failure to obtain an additional contract for hauling. The first relates expenses incurred in connection with plaintiff’s, Associates’, action for judgment upon the vendor’s lien and chattel mortgage notes. The demand for damages for the loss of an additional contract for hauling was not established to that degree of legal certainty as required by law. The proof offered as to any loss sustained by such failure extends no further than speculation, conjecture, mere possibility, or unsupported probability.
We find, therefore, for the reasons here-inabove set forth, that from that portion of the judgment awarding damages for the trailer in the sum of $6,500.00 a deduction of the salvage value of the trailer should be, and is, disallowed and that that portion of the judgment appealed in favor of third-party plaintiffs, Herman F. Wadley and Dol-Tex Express, Inc., and against third-party defendant, Northland Insurance Company, in the full sum of $12,500.00 should be reduced to the sum of $5,250.00, subject to a deductible allowance of $500.00, or to a net sum of $4,750.00, however, reserving to Herman F. Wadley and Dol-Tex Express, Inc., in the event the tractor is repaired, the right to recover any further or additional sums for necessary and reasonable repairs; and it is so ordered.
The cost of the appeal, as well as one-half of all other costs, is assessed to defendants and third-party plaintiffs, Herman F. Wadley and Dol-Tex Express, Inc., and the other one-half of such other costs to Northland Insurance Company.
The judgment as thus amended is affirmed.
Amended and affirmed.